IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN CERNY, | ) |
| | ) No. CV |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| NORFOLK SOUTHERN, | ) **JURY TRIAL DEMANDED** |
| A Virginia corporation, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff John Cerny brings this Complaint against Defendant Norfolk Southern ("NS"). In support, Cerny states and alleges as follows:

## PARTIES

1. Cerny resides in Colon, Michigan.

2. At all material times, NS was and is a Virginia corporation organized and existing as a railroad carrier engaged in interstate commerce. NS maintains and operates a Rail Yard located at 2600 W Lusher Ave, Elkhart, IN 46517.

3. At all material times, Cerny was an employee of NS or its predecessors in interest, having been hired on or about September 2010, and working for NS until his termination on or about February 20, 2019.

## JURISDICTION & VENUE

4. Count I of this action arises under provisions contained in the Federal Employers' Liability Act ("FELA"), codified at 49 U.S.C. §§ 51-60, and related statutes and regulations. This count is timely as fewer than three years have passed since the day the cause of action accrued.

5. Count II of this action arises under the Railroad Safety Appliance Act ("SAA"), codified at 49 U.S.C. §§ 20301 – 20306. This count is timely as fewer than three years have passed since the day the cause of action accrued.

6. Count III of this action arises under the whistleblower protection provisions of the Federal Rail Safety Act ("FRSA"), codified at 49 U.S.C. § 20109. On or about April 18, 2019, Cerny filed a complaint with the Department of Labor – Occupational Safety and Health Administration alleging that NS had violated one or more protections codified at 49 U.S.C. § 20109 when it took various adverse actions against him. This complaint was timely as fewer than 180 days had passed since the adverse employment actions complained of. More than 210 days have elapsed since Cerny filed that complaint, the Department of Labor – Occupational Safety and Health Administration has not issued a final decision, and the delay is not due to any bad faith on the part of Cerny.

7. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391. A substantial part of the events, acts, and/or omissions giving rise to Cerny's claim in this action occurred in this judicial district. In addition, NS conducts business in this judicial district and has sufficient contacts with this judicial district. As a result, this Court has personal jurisdiction over NS.

### COUNT I – FEDERAL EMPLOYERS' LIABILITY ACT

8. Each and every preceding paragraph is incorporated herein in its entirety by this reference.

9. On or about September 27, 2018, Cerny was engaged in the course and scope of his employment with NS, and part of his duties as an employee of NS were in furtherance of interstate and/or foreign commerce and/or directly or closely and substantially affected such commerce.

10. While engaged in the scope of his employment for NS, on September 27, 2018, Cerny was going about his usual duties as a carman in the inbound NS yard at Elkhart, Indiana. These usual duties required tasks including reaching up and pulling bleed rods, in order to release compressed air in the airbrake system on railroad cars. A bleed rod is a necessary and integral part of the brake system of a train, as a bleed rod removes the air brakes, allowing a railroad car to roll freely.

11. One of these bleed rods was not working properly, and required Cerny to pull on it with more force than would have been required with a properly functioning bleed rod. While pulling this improperly functioning bleed rod, Cerny felt a pop in his right shoulder, and sustained injuries.

12. The ground area in the NS Elkhart Yard in which Cerny was required to perform this work was uneven. This uneven ground required Cerny to stretch to reach the bleed rod, contributing to his injuries.

13. As a result of this incident, Cerny suffered severe and disabling injuries to his right shoulder and other parts of his body.

14. The severe and disabling injuries to Cerny's right shoulder required surgery on or about March 12, 2019.

15. The above-described injuries were caused, in whole or in part, by the negligence of NS and/or its employees. Such negligence, includes but is not limited to:

>	a. Failing to exercise due and reasonable care in providing Cerny with a reasonably safe work environment;
>	b. Failing to provide Cerny with reasonably safe equipment, tools, machinery, and/or personnel to perform his job;

  c. Failing to take reasonably adequate precautionary steps to protect Cerny from the reasonably foreseeable dangers associated with his work;

  d. Failing to provide adequate and reasonably safe ground conditions in the area that Cerny was working, which made access to the bleed rods more difficult; and

  e. Other acts of negligence.

16. Due in whole or in part to NS's negligence, Cerny has suffered injuries and has suffered and will continue to suffer physical and mental pain and/or anguish and loss of enjoyment of life.

17. Due in whole or in part to NS's negligence, Cerny has suffered loss of wages and fringe benefits; will continue to sustain a loss of earning capacity and fringe benefits into the future; will continue to suffer loss or diminution of his earning capacity; has suffered and will continue to incur into the future a loss of medical insurance coverage for himself and his child; and has incurred and will continue to incur into the future expenses for medical, hospital, nursing, and related care.

18. As a result of the facts alleged, Cerny has been damaged both specially and generally.

19. Cerny demands for the entry of judgment in his favor against NS for an amount in excess of the jurisdictional minimum of this Court, together with interest, costs, and such other damages as may be allowed by law.

### COUNT II – RAILROAD SAFETY APPLIANCE ACT

20. Each and every preceding paragraph is incorporated herein in its entirety by this reference.

21. A bleed rod is a part of the airbrake system, and is accordingly a safety appliance regulated by the SAA, codified at 49 U.S.C. §§ 20301 - 20306 and applicable Federal Railroad Administration ("FRA") regulations.

22. The bleed rod at issue in this case was defective and in violation of the SAA.

23. The bleed rod at issue had to be pulled on with more force than usual. The defective nature of the bleed rod caused and/or contributed to the incident in the case.

24. Under Section 53 of the FELA, 49 U.S.C. § 53, there can be no claim of contributory negligence by the Defendant against Cerny, if his injuries were caused in whole or in part by a violation of the SAA and/or a violation of applicable FRA regulations.

## COUNT III – FEDERAL RAIL SAFETY ACT

25. Each and every preceding paragraph is incorporated herein in its entirety by this reference.

26. Cerny engaged in protected activity, as defined by the whistleblower-protection provisions of the FRSA, codified at 49 U.S.C. § 20109. These protected activities include, but are not necessarily limited to:

   a. Notifying or attempting to notify NS of a work-related personal injury when he informed General Foreman Bob Michaels that he had injured his right shoulder on or about October 6, 2018;

   b. Notifying or attempting to notify NS of a work-related personal injury when he completed a personal injury report on or about October 6, 2018;

   c. Notifying or attempting to notify NS of the unsafe condition of the braking system when he notified NS management of the defective bleed rod;

   d. Other protected activity that may be uncovered, discovered, and/or addressed during discovery in this litigation.

27. NS, its officers, and/or its employees took actions to reprimand, suspend, or in some other way discriminate against Cerny, such as:

   a. On or about October 6, 2018, destroying an accurate injury report drafted by Cerny, and then ordering Cerny to complete a new and inaccurate injury report, written in the manner proscribed by, and containing content directed by, NS officers;

   b. On or about October 15, 2018, issuing Cerny a notice of investigation;

   c. On or about October 15, 2018, charging Cerny with an alleged rules violation;

   d. On or about January 22, 2019, subjecting Cerny to a formal investigation;

   e. On or about February 20, 2019, terminating Cerny's employment; and

   f. On or around the time of each of these events, noting these things on Cerny's employment record, creating a potential for blacklisting.

28. At the time that NS took the above-described adverse actions, NS, its employees, and/or its officers were aware that Cerny had engaged in protected activity.

29. NS's decision to terminate Cerny's employment was due, in whole or in part, to his engaging in protected activities. This is evidenced by the surrounding facts and circumstances including but not limited to the following:

   a. There is close temporal proximity between the protected activities and the adverse action; and

   b. Cerny's protected activities are "inextricably intertwined" with the adverse actions he was subject to. *See Raye v. Pan Am Railways, Inc.*, 2013-FRS-84 (OALJ June 25, 2014) at pg. 10 (holding that when protected activity and adverse action are inextricably intertwined, there is a presumptive inference of causation), aff'd, No. 14-074, 2016 WL 5340238 (ARB Sept. 8, 2016).

30. As a result of the actions that NS and its decision-makers took to reprimand, suspend, or discriminate in some other way against Cerny, he has suffered damages that include but are not limited to:

      a. Loss of wages and benefits;

      b. Loss of medical insurance coverage for himself and his child;

      c. Negative remarks in his personnel files that may lead to blacklisting;

      d. Emotional distress and/or loss of enjoyment of life; and

      e. Other consequential damages including, but not limited to, litigation costs and reasonable attorney's fees.

31. Based on all of the allegations outlined above, Cerny demands that the Court enter judgment in his favor and against NS for all relief necessary to make Cerny whole, including but not limited to relief in the form of:

      a. An award of back pay with interest appropriately compounded;

      b. An award of benefits lost, including, but not limited to credit for months of service that Cerny would have earned under the Railroad Retirement Act, codified at 45 U.S.C. § 231, et seq., absent NS's unlawful termination of his employment;

c. An award for emotional distress, pain, suffering, and loss of enjoyment of life;

d. An award for any unreimbursed medical expenses, retraining tuition, and/or relocation costs;

e. An award for reimbursement of medical expenses incurred due to the loss of medical insurance coverage for Cerny and his child;

f. An award for any and all other compensatory damages, including litigation costs and reasonable attorneys' fees;

g. An award of any other costs, disbursements, and interest allowed by law and/or equity; and

h. Relief requiring NS to:

   i. Immediately reinstate Cerny to his former position at the applicable rate, including restoration of all rights, seniority, and benefits – including applicable overtime – that Cerny would have enjoyed had NS never terminated his employment;

   ii. Permanently post notice of employee's rights under the FRSA in BNSF workplaces, as required by OSHA; and

   iii. Train its employees and officers on employees' rights under the FRSA.

32. Cerny also demands punitive damages in an amount not to exceed $250,000 under 49 U.S.C. § 20109(e)(3), to punish NS for its unlawful activity, and to deter NS from engaging in such unlawful activity in the future.

### DEMAND FOR TRIAL BY JURY

33. Cerny hereby makes and files a written demand for a trial by jury in this action on all issues so triable under the appropriate governing authority.

Dated: 8/29/20

Respectfully Submitted,

By: _____
Dave L. Farnbauch, #11187-45
Sweeney Law Firm
8109 Lima Road
Fort Wayne, IN 46818
T: (260) 420-3137
F: (260) 969-0321
E: dlf@sweeneylawfirm.com

By: /s/ *Michael P. McReynolds*
Michael P. McReynolds, *USDC Northern District of Indiana admission anticipated*
Steven K. McCarney, *USDC Northern District of Indiana admission anticipated*
Yaeger & Jungbauer Barristers, PLC
4601 Weston Woods Way
Saint Paul, MN 55127
T: (651) 288-9500
F: (651) 288-0227
E: mmcreynolds@yjblaw.com
    smccarney@yjblaw.com

*Attorneys for Plaintiff John Cerny*